On Motion to Dismiss.
Marr, J.
The purchaser of real estate, at sheriff’s sale, took a rule on the city of New Orleans, and others, to show cause why the privileges and mortgages inscribed in their favor, respectively, should not be can-celled so far as they bear upon the property in question.
Prom the julgment, miking this rule absolute, the city of New Orleans took a suspensive appeal.
The appellee, Jacob, moves to dismiss the appeal on the grounds :
1st. That the appellee has not been cited ; and that the fault is attributable to the appellant, as no petition was filed or citation prayed for.
2-1 That the motion, upon which the order of appeal was granted, was not made at the same term of court at which the judgment was rendered.
31. That the judgment did not require signature; and no appeal could be taken therefrom after the lapse of ten days from its rendition.
*515 Eir-t. The appeal was taken by motion, and neither petition nor citation was necessary.
Second. The right of appeal did not exist until the judgment was . signed. It was signed on the 13th November; and the appeal was taken on the 16th November.
There is but one term of the district courts in the parish of Orleans; and it extends from the first Monday of November to the fourth day of July, Act of 1869: and an appeal may be taken, by motion in open •court, at any time during that term, on a judgment signed during the term.
Third. The Oode of Practice, art. 546, requires the judge to sign all definitive or final judgments rendered by him: and art. 539 tells us that definitive or final judgments .are such as decide all the points in controversy between the parties.
The judgment in this case is definitive, final. It disposes of the entire controversy; and the law made it the duty of the judge to sign it. The motion to dismiss is without foundation in law ; and it is denied, with costs.
On second motion to dismiss.
Manning, O. J.
The appellee moves to dismiss the appeal herein -on the ground-—
“ That after the appeal herein granted, a judgment in the same suit, between the same parties, and upon the same matters in controversy, rendered on the 29th September, 1876, and signed on the 2d January, 1877, has become final, settling all the matters and things involved in this suit, which judgment now constitutes res judicata, having been rendered and signed more than a year ago, and no appeal having been taken therefrom.”
The facts are, on the 24th August, 1876, the City of New Orleans ■filed a rule in this suit, calling on plaintiff and the sheriff to shew cause why the City of New Orleans should not be paid her tax judgments and costs, out of the proceeds of sale, in preference to plaintiff.
On the 4th of September, 1876, the plaintiff filed a counter-rule, against the City of New Orleans and the sheriff (and other parties in interest,) which rule admits the city’s privilege and her right to be paid by preference, the taxes claimed by her for the years 1873 — 1876 inclusive, and denies that for the taxes of 1869, 1870 and 1871 she has any privilege, and asks that the city and the sheriff (together with other parties in interest) shew cause why the sheriff should not be authorized ■to have cancelled all mortgages and privileges on the property, except those for the city taxes for 1873 — 1876 inclusive, and certain State taxes. *516 Both, rules were returnable, and were tried, on same day, together and upon same evidence, and were decided together and on same day. In other words, the parties, their counsel, and the court treated them as if they had been consolidated. They were in fact filed in the same case.
We shall follow their example, and hold that the city’s appeal from the judgment on the plaintiff’s rule is not dismissable because the same issue was decided in a simultaneous proceeding in the-same case. There was no occasion for the judge to sign another judgment in January. It cannot work harm to the appellant who had already done all that was necessary to be done to protect her interests. The motion to dismiss is denied.